# SUPREME COURT.

## JANUARY TERM, 1853.

THE KING vs. H. N. GREENWELL, indicted for murder in the second degree.

Where the hurt or injury inflicted is of a severe or dangerous character, and the efficient cause of death, although there be a predisposing condition of the body, without which it would not have been fatal, it is, nevertheless, a killing by means of such hurt or injury.

The whipping of servants or laborers is not justifiable under the laws of this kingdom. A master may correct his apprentice with due moderation.

CHIEF JUSTICE LEE, after reading over the evidence to the jury, charged them on the law of the case in substance as follows:

The first question to determine is, has there been a killing committed in this case, or did the accused come to his death from the visitation of God. A killing, is the extinction of life caused by means of some bodily injury. It is said by the learned counsel for the defense, that there has not been a killing, because though Salai was severely whipped, yet he did not die from this or any other inflicted injury, but in the due course of nature, from long sickness and from his own voluntary exposure for several nights, without food or raiment, to the rain, cold and hunger in the forest. Or at the most, the whipping would not have proved fatal, had it not been for the previous sickness, and exposure; and that where the death is occasioned partly by injuries and partly by predisposing circumstances, it is impossible to apportion the operations of the several causes, and to say with certainty that the death was occasioned by any of them in particular, and consequently you cannot find a killing from the whipping or other bruises, and the prisoner is entitled to an acquittal. In support of this doctrine, the charge of Hullock, B., in Johnson's case, has been read. But this doctrine is not upheld by law, and the case cited is not in keeping with the previous or subsequent cases on this subject. I believe the true rule, as established in Westminster Hall, Continental Europe and the United States, to be, that where the hurt or injury is of a severe or dangerous character, and the efficient cause of death, although there be a predisposing condition of the body, without which it would not have been fatal, it is, nevertheless, a killing by means of such hurt or injury. For instance, if one who is infirm from age or sickness, die of blows, which would have done little injury to another of ordinary strength or health, it is a killing by him who gave the blows. It is true that the deceased from long sickness and exposure was reduced to a feeble state, but I charge you in the language of one of the first judges of England, Baron Parke, that the bad heath or feeble condition of the deceased, is perfectly immaterial, as, if the prisoner was so unfortunate as to *accelerate* the death, he must answer for it    (Martin's case 5 C and P, 130, referred to in Roscoe's Cr. Ev. 706 )

However feeble the condition of Salai may have been, and however short the tenure of his life, if you find that the whipping, or any other injury inflicted by the accused, was the means of *accelerating* the death of deceased, then the killing is made out, and Greenwell must answer for it, unless he can show a legal justification for inflicting the punishment. If you should find that the whipping or other injuries did not hasten or accelerate the death, then there is no killing, and your verdict should be not guilty. But if you should find that there was a killing, the next question to determine will be, whether the accused is justified in inflicting the punishment complained of. It is said that he is; that he whipped the deceased not immoderately; and that a master may legally whip his servant and a planter his coolie, so long as he does not exceed the bounds of moderation. I am bound to charge you that this is not the law of the land. The whipping of servants or laborers is a custom not tolerated by the laws of this country, and the plea of necessity, which is urged in its behalf, when applied to coolies and natives, is without foundation in law, and totally opposed to freedom and humanity. I know of but one exception to this rule, and that is in the case of apprentices. A master

may correct his apprentice with due moderation, as a father may correct his child, and why? Because the apprentice is a minor, whose father has transferred him to the care and keeping of another, to be instructed in some trade or art, and the master stands to him in the relation of a parent. The infliction of stripes on the back of a laborer could not be justified, in my opinion, even should the servant endeavor to confer such a power upon his master by the express terms of his contract.

The next inquiry, should you find the killing, is, was it committed with malice aforethought? When the killing is proved, malice aforethought is presumed, and the burden rests upon the party committing the killing to show that it did not exist. Has the prisoner at the bar discharged that burden? If to your minds he has, then there is no murder in any degree, and he cannot be found guilty as charged in the indictment.

But there still remains the question, whether he is not guilty of manslaughter. Whoever kills another without malice aforethought, under the sudden impulse of passion, excited by provocation or other adequate cause, by the party killed, of a nature tending to disturb the judgment and mental faculties, and weaken the possession of self-control of the killing party, is not guilty of murder, but manslaughter. Our statutes make this allowance for human infirmity, and under an indictment for murder, the jury may return a verdict for manslaughter.

The whipping was clearly an unlawful act, and if you shall be of the opinion that it was the efficient cause of the death or *accelerated* it, then, even though there was no malice, it is manslaughter.

The CHIEF JUSTICE remarked in the course of his charge, that he felt the duty he had to perform in this case was a most painful one. That he had known the accused for several years, and always esteemed him as a man not only of cultivation and refinement, but of principle and heart. That he was one of the last of all his acquaintances that he could ever have thought it possible to see arraigned before a court of justice in the attitude of a criminal. But that our feelings should have nothing to do with the determination of this case. The accused must be acquitted or condemned by the evidence and the law, after a cool and deliberate consideration, without regard to personal bias, or the claims of friendship.

The jury after an absence of half an hour returned a unanimous verdict of not guilty.

Mr. Bates for the crown.

Mr. Montgomery for the prisoner.

NOTE.—The testimony in this case will be found in full in the *Polynesian* of January 8th, 1853.